**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 10 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-471 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01287-DMS-2 |
| v. | |
| JESSIE SMITH III, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted March 28, 2025
Pasadena, California

Before: BOGGS,** FRIEDLAND, and BRESS, Circuit Judges.

Jessie Smith appeals the revocation of his supervised release, following the

district court's determination that Smith assaulted his partner, Aviana Duncan, on

two occasions. During the revocation hearing, a San Diego police officer testified

that Duncan called 911 after the first assault, reporting an incident involving the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

father of her children (Smith) and stating that "she was possibly hit." Smith moved to have the 911 recording produced under both *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 26.2. The district court denied both requests. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We need not decide whether, or to what extent, *Brady* applies to supervised release revocation proceedings because there was no *Brady* violation in this case. We review alleged *Brady* violations de novo. *See United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). "A *Brady* violation has three elements: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Parker v. County of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). Smith has not satisfied at least two of these elements.

*First*, the 911 call was not favorable to Smith. "If information would be advantageous to the defendant or would tend to call the government's case into doubt, it is favorable." *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015) (internal quotation marks and citations omitted). Mere speculation about what the evidence would show is not enough to make it favorable. *See Runningeagle v. Ryan*, 686 F.3d 758, 769–70 (9th Cir. 2012). The 911 call is neither exculpatory nor impeaching. If anything, the call is inculpatory on the key issue of the assailant's

identity, because the officer testified that Duncan on the call identified Smith as her attacker and never mentioned someone else being involved in the incident. And although Duncan reportedly stated on the call that she was "possibly hit," there is no dispute that she was in fact assaulted.

*Second*, Smith has not demonstrated that the 911 call was material. Under *Brady*, evidence is material, and its suppression prejudicial, if it would create a "reasonable probability" of "a different result." *United States v. Olsen*, 704 F.3d 1172, 1184 (9th Cir. 2013). Here, the district court needed to find the allegations against Smith true only by a preponderance of the evidence. *United States v. Oliver*, 41 F.4th 1093, 1101–02 (9th Cir. 2022). The district court found that this standard was satisfied despite Duncan's live testimony that Smith was not the assailant on either occasion. The district court's conclusion had substantial support in the record, including, *inter alia*, the testimony of multiple police officers, who described the scenes and Duncan's previous identification of Smith as her assailant; photographic evidence depicting Duncan's injuries and the items used in the assaults; photographic evidence of the text messages that Duncan and Smith exchanged at around 4 a.m. on the night of the second assault; and officer body-camera footage from both incidents, in which Duncan repeatedly stated that Smith attacked her. In view of this evidence, the 911 call was not material under *Brady*.

2. There was also no material Rule 26.2 violation. Federal Rule of Criminal Procedure 26.2(a) requires that after a witness testifies, the court, on a motion, must order the party who called the witness "to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Even assuming that the government had an obligation to produce a 911 call that was held by a non-federal entity, any Rule 26.2 violation was not prejudicial.

Whether to strike the testimony of the witness or issue other relief for a Rule 26.2 violation is committed to the discretion of the district court. *United States v. Riley*, 189 F.3d 802, 805 (9th Cir. 1999). The district court should assess "'the culpability of the government'" and the "'injury resulting to the defendant[],'" and, absent "prejudice, a witness's testimony need not be stricken." *Id.* at 806 (quoting *United States v. Sterling*, 742 F.2d 521, 524 (9th Cir. 1984)). Here, Smith does not argue that the government acted in bad faith. *See id.* And, as discussed above, the failure to produce the call was not prejudicial to Smith. There is thus no basis to conclude that Duncan's testimony or other statements should have been stricken under Rule 26.2.

**AFFIRMED.**